1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Karen L. Cowand,                          No. CV-11-00964-PHX-DGC

                         Plaintiff,            **ORDER**
10

11   v.

12   Michael J. Astrue, Commissioner of Social
     Security Administration,

13                       Defendants.

14

15        In an Amended Order dated June 7, 2012, the Court reversed and remanded the

16   decision of the Administrative Law Judge ("ALJ") for further proceedings pursuant to 42

17   U.S.C. § 405(g).  On August 13, 2012, Plaintiff filed an application for attorneys' fees

18   under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. 30.  On

19   August 28, 2012, Defendant filed an objection (Doc. 31), and on September 5, 2012,

20   Plaintiff filed a reply (Doc. 32).  For the reasons that follow the Court will grant the

21   application for attorneys' fees.

22   **I.      Legal Standard.**

23        28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party

24   other than the United States fees and other expenses . . . unless the court finds that the

25   position of the United States was substantially justified or that special circumstances

26   made an award unjust."  In appeals of administrative decisions regarding benefits in the

27   Ninth Circuit, "attorney's fees are to be awarded to a party winning a sentence four [of

28

1      section 405(g)][1] remand unless the commissioner shows that his position with respect to

2      the issue on which the district court based its remand was substantially justified." *Lewis*

3      *v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations and quotations

4      omitted).  The Supreme Court has clarified the statutory text, holding that "a position can

5      be justified even though it is not correct, and we believe it can be substantially . . .

6      justified if a reasonable person could think it correct, that is, if it has a reasonable basis in

7      law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

8      **II.     Analysis.**

9              The Court vacated the decision of the ALJ because it did not provide adequate

10     reasons for discounting the testimony of the treating physician and ignored the statement

11     of a lay witness.   Doc. 31 at 4-6, 10-11.  Despite that holding, Defendant contends that

12     attorneys' fees should not be awarded because the government's position satisfies the

13     lower standard of substantial justification even if it fails the more exacting standard of

14     being supported by "substantial evidence."  Doc. 31 at 1-2, 4-5; *see Robbins v. Soc. Sec.*

15     *Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (holding that a decision to deny benefits will

16     be vacated "only if it is not supported by substantial evidence or is based on legal

17     error.").   The Court will consider each of the issues upon which remand was based to

18     determine whether the government's position had a "reasonable basis in law and fact."

19     *Pierce*, 487 U.S. at 566 n.2; *Lewis*, 281 F.3d at 1083.

20              **A.      Testimony of Dr. Douglas Campbell.**

21              With respect to Dr. Campbell's testimony, the ALJ concluded that the physician's

22     opinion was "too restrictive . . . given the clinical notes." Tr. at 29.  The Court held that

23     the ALJ reached this conclusion without citing specific statements in the clinical notes

24     that tended to show that Campbell's opinion was actually too restrictive.  Doc. 27 at 5.  In

25     

26              [1] District Courts may remand under "sentence four" or "sentence six" of section
       405(g).   Only sentence four remands – those in which the District Court "makes a
27     determination as to the correctness of the Secretary's position" – qualify plaintiffs as
       "prevailing parties" for an award of attorneys' fees. *Flores v. Shalala*, 49 F.3d 562, 568
28     (9th Cir. 1995) (citing *Shalala v. Schaefer* 509 U.S. 292 (1993)).  In this case the Court
       issued a sentence four remand.  Doc. 27.

1    defense of the ALJ's opinion, Defendant cited to "numerous findings not cited by the

2    ALJ" which the Court rejected because its analysis must be "based on the reasoning and

3    factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit

4    what the adjudicator may have been thinking."  Doc. 27 at 6 (quoting *Bray v. Comm'r of*

5    *Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009)).  Ultimately the Court concluded

6    that the ALJ "failed to set forth clear and convincing reasons for discounting the opinion

7    of Plaintiff's treating physician."  Doc. 27 at 6.

8         Defendant emphasizes that the Court does not "dispute" the ALJ's findings with

9    respect to Campbell's testimony and suggests that providing the specific citations to the

10   portions of the clinical notes that the ALJ mentioned did not "create" the basis for the

11   ALJ's conclusion, but rather "bolstered" a basis that already existed.  Doc. 31 at 4.  In

12   order to hold that the government's position was substantially justified, however, the

13   Court must find that the government's position had a reasonable basis in fact *and* law.

14   *Pierce*, 487 U.S. at 566 n.2.  The Court need not consider whether the government's

15   ultimate position on disability was correct, but rather whether the government was

16   substantially justified with respect to the procedural errors that led to remand.  *Flores v.*

17   *Shalala*, 49 F.3d 562, 572 (9th Cir. 1995).

18        The procedure the ALJ must follow in order to reject the opinion of a treating

19   physician is well settled.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  The

20   ALJ is required to make "findings setting forth specific legitimate reasons for [rejecting

21   the testimony] that are based on substantial evidence in the record . . . The ALJ can meet

22   this burden by setting out a detailed and thorough summary of the facts and conflicting

23   clinical evidence, stating his interpretation thereof, and making findings."  *Id*. (citation

24   omitted).  The ALJ's conclusory assertion regarding the treating physician's testimony

25   does not meet this requirement.  Doc. 27 at 4.  The government tried to ameliorate the

26   problem by citing specific evidence that the ALJ might have relied upon (Doc. 27 at 5),

27   but the law requiring the Court to rely solely on the ALJ's reasoning and factual findings

28   is based on "[l]ong-standing principles" of law.  *Bray*, 554 F.3d at 1225.  The Court

1   cannot find that the ALJ's opinion or Defendant's arguments in this Court have a

2   "reasonable basis in law."  *Pierce*, 487 U.S. at 566 n.2.  Accordingly, the government's

3   position is not substantially justified with respect to the discounted testimony of Dr.

4   Campbell.

5   **B.    Lay witness testimony.**

6   The record contained a report of a statement by Plaintiff's husband James Cowand

7   related to Plaintiff's activities and functioning.  Tr. at 185-92; Doc. 27 at 10.  The ALJ

8   did not address the report in her findings, and the Court found the failure to be clear legal

9   error.  Doc. 27 at 10.  The ALJ "must consider lay witness testimony concerning a

10  claimant's ability to work."  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th

11  Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R.

12  § 404.1513(d)(4) & (e)).  Such testimony "*is* competent evidence and therefore *cannot*

13  be disregarded without comment."  *Id.* (emphasis in original; citation and alteration

14  omitted); *see* 20 C.F.R. § 404.1545(a)(3).

15  The ALJ did not set forth specific, legitimate reasons for discounting Mr.

16  Cowand's assertions, and the government does not offer any justification as to why that

17  such an omission was reasonable.  Instead, the government again argues that the Court

18  did not "dispute" that Mr. Cowand's testimony "merely echoed Plaintiff's subjective

19  complaints," which the ALJ properly discounted.  Doc. 31 at 4; Doc. 27 at 7-10.

20  Defendant calls the failure to consider the testimony "harmless error," but that misstates

21  the relevant legal test.  Doc. 31 at 5.  The Court must decide if the procedural error was

22  substantially justified:  if it had a reasonable basis in law and fact.  *Pierce*, 487 U.S. at

23  566 n.2.  Because Defendant does not dispute the law regarding the treatment of lay

24  witness testimony, nor offer any justification for the ALJ's failure to comply with that

25  law, the Court cannot find that the government's position was substantially justified.

26  **III.   Conclusion.**

27  The Court finds that the position of the United States was not substantially

28  justified.  Pursuant to 28 U.S.C. § 2412(d)(1)(a) the Court awards Plaintiff the undisputed

1   amount of $6,844.36.  Doc. 32 at 8.

2   **IT IS ORDERED:**

3        1.      Plaintiff's application for attorneys' fees (Doc. 30) is **granted**.

4        2.      Defendant is **ordered** to pay attorneys' fees in the amount of $6,844.36.

5        Dated this 15th day of October, 2012.

6

7

8

9                                    David G. Campbell
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28